David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff*
(*Additional counsel on signature page*)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Samuel Katz ("Plaintiff") brings this class action complaint against Defendant American Honda Motor Co., Inc. d/b/a Acura ("Defendant") to stop Defendant's unlawful telephone calling practices in the form of

Class Action Complaint

unauthorized telephone calls using an automatic telephone dialing system ("ATDS"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to solicit consumers for information, including information regarding customer satisfaction, Defendant, working with its agents, placed unsolicited automated calls to the cellular telephones of thousands of consumers nationwide.

2. Defendant violated federal law when it placed unauthorized automated telephone survey calls using an ATDS ("robocalls") to the cellular telephones of individuals throughout the nation.

3. By effectuating these unauthorized survey calls, Defendant has violated the called parties' statutory rights and has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone survey calls, but also because the recipients sometimes have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized automated telephone calls, and an award of

Class Action Complaint

2

statutory damages to the members of the class, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

7. This Court has personal jurisdiction over Defendant because Defendant's corporate headquarters are in this District, and because Defendant does business in this District.

8. Venue is proper in the Central District of California, Western Division, because Defendant resides in this District and transacts business in this District.

## PARTIES

9. Plaintiff is a citizen and resident of the Commonwealth of Massachusetts.

10. Defendant Acura is a division of American Honda Motor Co., Inc., a California corporation with its national headquarters in Torrance, California. Defendant is registered and conducts business in California, including in this District, and conducts business throughout the United States.

## COMMON ALLEGATIONS OF FACT

11. Defendant is the distributor of Acura automobiles throughout the United States.

12. While Defendant does not distribute its vehicles itself – Defendant partners with local third-party dealers throughout the country to such end – Defendant nonetheless requires its dealers to obtain telephone numbers from customers and then to provide such numbers to Defendant.

Class Action Complaint 3

13. As an ordinary business practice, Defendant then makes automated telephone calls to such customers to conduct surveys, solicit feedback and for other commercial purposes.

14. However, Defendant's dealer network and administration processes lack the procedures necessary to confirm that the telephone numbers Defendant calls belong to consumers who have actually provided their consent to receive Defendant's automated telephone calls soliciting information.

15. As a consequence, many of the telephone numbers in Defendant's automated calling database do not belong there, resulting in Defendant routinely placing automated information solicitation calls to consumers who have never provided their consent to receive such calls from Defendant.

16. Defendant's practice of making unauthorized robocalls to consumers who did not consent to receive such calls is widespread and well-documented, as seen from just a few samples of the many complaints involving robocalls placed by Defendant that have been publicly posted online:

- "They keep calling. It shows [A]cura, but no one answers. I wait 15 seconds & hang up. This is very annoying."

- "I do not own an Acura, but my boyfriend does and my phone number is not associated with his car or account. We just received the call at the exact same time and don't understand why."

- "I also had my Acura serviced last week and a hang up call came today. Very unprofessional for Acura."

- "I believe I have had more than 10 calls from this number on my CELL phone! Fortunately, I figured out how to block this caller. I answered once, a young woman said she was from Acura.........and I hung up. I don't own an Acura. I really hate these robo-calls."

17. Plaintiff is the owner of an Acura automobile.

18. Beginning in or about March 2015, Defendant began placing unsolicited robocalls to Plaintiff's cellular telephone after Plaintiff took his Acura vehicle to a dealership for service.

19. Indeed, on March 17, 2015 Plaintiff's cell phone rang and indicated that he was receiving a phone call from 410-774-8480, a phone number Defendant routinely utilizes to place automated calls to consumers soliciting information.

20. Plaintiff received these unwanted and unsolicited robocalls several more times over the following weeks.

21. Upon information and belief, Defendant places calls, including the calls made to Plaintiff, en masse using a "predictive" dialer, which automatically places calls without human intervention until the called party answers the call, at which time the automatic dialer attempts to connect the called party with a human representative or an automated prompt.

22. At no time did Plaintiff provide Defendant with consent to place such robocalls to his cellular telephone number.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and a nationwide class defined as follows:

> All persons in the United States and its Territories to whom, within four years prior to the commencement of this litigation, Defendant placed through an automated telephone dialing system one or more unauthorized calls soliciting information to their cellular telephones.

24. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on

behalf of the other members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

25. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

27. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

28. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant placed automated telephone calls for the purpose of soliciting customer information;

  (b) Whether the calls were placed using an automatic telephone dialing system;

  (c) Whether Defendant placed telephone calls seeking customer information using an automatic telephone dialing system to persons who did not previously provide Defendant with prior express consent to receive such calls on their respective cellular telephone numbers;

  (d) Whether the unauthorized calls made by Defendant using an ATDS violated the TCPA;

  (e) Whether Defendant's conduct in violation of the TCPA was willful such that the members of the Class are entitled to treble damages; and

  (f) Whether Defendant should be enjoined from continuing to engage in such conduct.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227) on behalf of the Class

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited telephone survey calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class. Each such automated call was made using a predictive dialer, equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

32. Defendant's conduct violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual

damages, and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## REQUEST FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests the following relief:

A. An order certifying the Class as defined above;

B. An award of statutory damages;

C. An injunction requiring Defendant to cease all unauthorized automated telephone activities;

D. An award of reasonable attorneys' fees and expenses of litigation; and

E. Such further and other relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 10, 2015         Respectfully submitted,


By: /s/ David C. Parisi
     David C. Parisi

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

Myles McGuire (*pro hac vice* to be filed)
mmcguire@mcgpc.com
Evan M. Meyers (*pro hac vice* to be filed)
emeyers@mcgpc.com
Eugene Y. Turin (*pro hac vice* to be filed)

eturin@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002

David Pastor (*pro hac vice to be submitted*)
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Tel:  (617) 742-9700

Preston W. Leonard (*pro hac vice to be submitted*)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, PC
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Tel: (617) 329-1295

*Attorneys for Plaintiff and the Putative Class*