David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff*

Michael L. Mallow
Mmallow@Sidley.com
Rachel A. Straus
Rstraus@Sidley.com
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation,<br><br>Defendant. | No. 15-cv-04410-CBM-RAO<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hon. Consuelo B. Marshall<br><br><u>Scheduling Conference:</u><br>January 29, 2016 at 10:00 a.m. |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Standing Order, Plaintiff Samuel Katz ("Plaintiff"), and Defendant American Honda Motor Co, Inc. ("Defendant") (collectively, the "Parties") conducted a 26(f) conference on July 20, 2015 and hereby submit this Joint Case Management Statement.

**(A)** **Statement of the Case:**

1. <u>Summary of Plaintiff's Allegations:</u>

Plaintiff brought suit against Defendant for violation of the Telephone Consumer Protection Act, 47 U.S.C § 227(b)(1)(A)(iii) (the "TCPA") after he received what he alleges to be several unauthorized, automated telephone calls on his cellular telephone. Plaintiff alleges that Defendant made automated calls to his cellular phone using an Automatic Telephone Dialing System ("ATDS") after Plaintiff took his Acura vehicle to a dealership for service, and that he never consented to receive such calls by or on behalf of Defendant. Plaintiff has brought this lawsuit as a putative class action, alleging that Defendant routinely makes such automated calls to consumers and fails to obtain valid consent from the call recipients prior to making the automated calls.

2. <u>Summary of Defendant's Allegations:</u>

American Honda has not violated the TCPA, because Plaintiff consented to be contacted regarding the repair to his vehicle when he provided or confirmed his phone number to the Acura dealer regarding the repair or service of his vehicle. This consent covers a quality assurance call made on behalf of American Honda (which owns the Acura brand) to ensure Plaintiff was satisfied with the repair or service. Additionally, the subject calls were not made using an ATDS.

**(B)  The basis for the Court's subject matter jurisdiction**:

The Court has subject matter jurisdiction under 28 U.S.C.§ 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**(C)  A brief description of the key legal issues**:

The Parties agree that the legal issues in this case include, but are not limited to:

(1)  whether Plaintiff and the putative class members consented to the calls at issue;

(2)  whether an ATDS was used to make the calls at issue;

(3)  whether certification of the proposed Class is appropriate under Rule 23; and

(4)  if the calls at issue violate the TCPA, whether Defendant should be enjoined from engaging in such conduct in the future.

The Parties agree that other legal issues may arise and failure to list any legal issue in dispute is not an admission by any party that the legal issue does not currently exist or may not exist.  The Parties also reserve the right to identify additional legal issues as discovery progresses.

**(D)  The realistic range of probable damages:**

The TCPA provides for $500 in statutory damages per violation, with an opportunity for trebling to $1,500 per violation.  It is unclear at this time how many calls are at issue so the realistic range of probable damages is also unclear.

**(E)  The likelihood of appearance of additional parties:**

All parties have been served and have appeared in this matter.  However, Plaintiff reserves the right to seek leave to add parties based on facts learned in discovery.

**(F)  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized:**

At this time, the Parties do not anticipate utilizing the procedures governing class actions set forth in Section 21 of the Manual for Complex Litigation.  The Parties agree, however, to utilize the Manual for Complex Litigation where necessary or appropriate.

**(G)  Discovery Status:**

The Parties held a Rule 26(f) conference on July 20, 2015, and exchanged initial disclosures on August 18, 2015.  Plaintiff also propounded Document Requests and Interrogatories on July 20, 2015, but no discovery responses have yet been provided by Defendant—in large part because discovery was formally stayed until the Court denied Defendant's Motion to Dismiss in October, and Plaintiff filed his class certification motion (Dkt. 35) on November 12, 2015.

Plaintiff has sought discovery on Defendant's policies and procedures that pertain to the allegations in the Complaint; the use of an automatic telephone dialing system to place the calls; the size and scope of the proposed class; whether the calls placed by or on behalf of Defendant were made with the prior express consent of the recipients; and whether any violations of the TCPA were knowing and willful.

Plaintiff has also issued documents-only subpoenas to certain third-parties and may also seek to issue additional subpoenas.  Some responses to those subpoenas remain outstanding.  Plaintiff also expects to take a limited number of depositions, although the identities of any deponents are unknown at this time.

American Honda anticipates propounding written discovery on Plaintiff and taking Plaintiff's deposition. American Honda may also seek third-party discovery.

The Parties do not presently foresee the need to modify the scope of the discovery rules in the Federal Rules of Civil Procedure, or alter the limits on written discovery or depositions.

The Parties agree that discovery in this case may involve confidential information. Accordingly, the Parties anticipate submitting a stipulated protective order to the Court for approval within 14 days of the Case Scheduling Conference.

The Parties agree that privilege logs need not be served prior to 21days from the date that a party has produced documents in response to a request for production. The Parties further acknowledge that Rule 502 of the Federal Rules of Evidence applies to this case. As such, the inadvertent disclosure of privileged material shall not operate as a waiver of that privilege.

**(H)   A proposed discovery cut-off date:**

The Parties propose the following discovery deadlines:

- Plaintiff's Expert Disclosures due: June 14, 2016
- Defendant's Expert Disclosures due: July 14, 2016
- Close of discovery: August 23, 2016.

**(I)   What motions (other than discovery motions) are contemplated:**

Pursuant to Court Order (Dkt. 24), on November 12, 2015, Plaintiff filed his Motion for Class Certification or, in the Alternative, for a Deferred Class Certification Ruling Pending Discovery (Dkt. 35.) That motion has been fully briefed and is set for hearing on January 29, 2016. (Dkt. 38.) No other motions are currently pending. If the Court defers ruling on class certification pending discovery, Plaintiff anticipates filing a renewed motion for class certification after discovery and proposes a deadline of September 20, 2016 for same. American Honda intends to object to the filing of any such renewed motion (and intends to oppose it if one is allowed). Additionally, Plaintiff may seek to

amend his Complaint to the extent necessary based on forthcoming discovery. American Honda anticipates filing a motion for summary judgment. If Plaintiff identifies a testifying expert, American Honda may file a motion to strike some or all of the expert's testimony.

**(J)    Prospects of settlement:**

The Parties have not had any settlement discussions to date. The Parties are agreeable to settlement discussions, either on a formal or informal basis, after sufficient discovery has been conducted.

**(K)    Whether the trial will be a court or jury trial:**

Any trial in this case would be a jury trial.

**(L)    The estimated length of trial:**

The Parties respectfully submit that it is premature to estimate the length of trial until the Court has ruled on class certification. If a class is certified, Plaintiff preliminarily estimates that a jury trial would last approximately three to four days. Defendant preliminarily estimates that a trial of this matter would likely take 7-10 days.

**(M)    The name of the attorney(s) who will try the case:**

Trial counsel for Plaintiff are expected to be Evan M. Meyers of McGuire Law, P.C., David C. Parisi of Parisi & Havens LLP, and David Pastor of Pastor Law Office, LLP.

Trial counsel for Defendant are expected to be Michael Mallow, Eric Mattson and Rachel Straus of Sidley Austin LLP.

**(N)    Prospects of counsel exercising their right to consent to designation of a Magistrate Judge to conduct all proceedings:**

The Parties do not both consent to designation of a Magistrate Judge to conduct all proceedings.

Dated: January 22, 2016                MCGUIRE LAW, P.C.

                                       By: /s/ Evan M. Meyers
                                       Evan M. Meyers (*pro hac vice*)
                                       *Attorneys for Plaintiff*
                                       SAMUEL KATZ

Dated: January 22, 2016                SIDLEY AUSTIN LLP

                                       By: /s/ Michael L. Mallow
                                       Michael L. Mallow
                                       *Attorneys for Defendant*
                                       AMERICAN HONDA MOTOR CO.

Local Rule 5-4.3.4 Attestation

I attest that Defendant's counsel, Michael L. Mallow, concurs in this filing's content and has authorized the filing.

Dates: January 22, 2016                */s/* Evan M. Meyers
                                       Evan M. Meyers

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2016, I electronically filed the foregoing *Joint Rule 26(f) Report* with the Clerk of the Court using the CM/ECF system.  Parties may access this filing through the Court's system, and notice of the filing will be sent to the following counsel of record:

Michael L. Mallow
Mmallow@Sidley.com
Rachel A. Straus
Rstraus@Sidley.com
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013

Eric S. Mattson
emattson@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

/s/ Evan M. Meyers