David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff and the putative class*
[Additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation,<br><br>*Defendant*. | Case No. 2:15-cv-04410-CBM-RAO<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TO EXTEND THE DISCOVERY SCHEDULE**<br><br>Hearing Date: August 9, 2016<br>Hearing Time: 10:00 AM<br>Location: Courtroom 2<br><br>Hon. Consuelo B. Marshall |

Plaintiff, Samuel Katz, by and through his undersigned counsel, submits this Reply in Support of his Motion for Leave to File an Amended Complaint and to Extend the Discovery Schedule. (Dkt. 52, the "Motion for Leave").

## I. INTRODUCTION

In his opening memorandum, Plaintiff demonstrated that Rule 15's presumption in favor of freely granting leave to amend should control here, because all four factors that courts consider under Rule 15 martial in favor of granting Plaintiff leave to amend. Of these four factors, courts in the Ninth Circuit have repeatedly stressed that prejudice to the non-movant is the most important consideration, and that—given Rule 15's liberal presumption in favor of amendments—it is the non-movant's burden to establish that it will suffer substantial prejudice due to a proposed amendment. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'").

Rather than attempting to meet its burden by showing how it will suffer substantial or undue prejudice, Honda instead distractingly attempts to argue that Plaintiff's Motion for Leave should be denied merely because, according to Honda, Plaintiff could have sought to amend his Complaint and add J.D. Power earlier. Honda is wrong. Simply put, just because Plaintiff knew that J.D. Power was Honda's business partner does not mean that Plaintiff also could or should have known more detailed information, such as: the nature of the two companies' relationship, the extent to which J.D. Power created and implemented Honda's calling operation and whether it did so legally, and whether J.D. Power can be held directly or vicariously liable for placing automated telemarketing calls to those who had not consented to receive them.

But even if Plaintiff could have moved for leave to amend earlier, Honda has failed to demonstrate that it would be materially prejudiced—much less *substantially* or *unduly* prejudiced—by Plaintiff's proposed amendment. Honda's only actual example of how it will suffer prejudice is its statement that it intends to move for summary judgment, and that Plaintiff's proposed amendment somehow

"complicates" or "delays" those plans in a way that is prejudicial. (Def's Opp., at 6). But that cannot be right, because under Rule 56(b), Honda can move for summary judgment anytime it wishes between now and thirty days after the close of discovery.[1] This remains true regardless of whether Plaintiff amends his Complaint, regardless of whether J.D. Power is added as a party, and regardless of whether the discovery schedule is extended. Honda could even move for summary judgment on the day after Plaintiff files his Amended Complaint if Honda wishes to do so. Plaintiff's proposed Amended Complaint will not significantly alter the issues on summary judgment, because it does not add new theories of liability or new claims against Honda, and it will not require the Parties to engage in much discovery beyond what has already been completed or is already underway. As such, Honda's arguments are conclusory and unsupported, and are not sufficient to meet its burden of establishing prejudice, let alone substantial or undue prejudice.

Honda's argument that Plaintiff unduly delayed in seeking leave to amend is similarly unfounded. Plaintiff received subpoena compliance from J.D. Power on April 20, 2016. As soon as he received documents, Plaintiff began investigating whether J.D. Power should be added to this suit. Once Plaintiff decided to amend and add J.D. Power, Plaintiff's counsel informed J.D. Power's counsel as such and scheduled a meet-and-confer with Honda's counsel for June 29. This means that there were only about two months between when Plaintiff learned the full extent of J.D. Power's involvement in Honda's calling operation and when Plaintiff prepared to file this Motion. Honda fails to cite any authority stating that two months is an undue or prejudicial delay.

Importantly, however, nowhere in Honda's Opposition does Honda argue that adding J.D. Power would be futile, and nowhere does Honda deny that Plaintiff can assert separate TCPA claims against J.D. Power and seek to hold J.D. Power liable

---

[1] In this case, the closure of all remaining discovery is set for August 23, 2016, which would make September 22 Honda's deadline to move for summary judgment under the current schedule.

Plf's Reply in Support of Motion for Leave to Amend          2          Case No. 15-cv-04410-CBM-RAO

for the telemarketing calls at issue in this case. As such, Honda is seemingly insisting that Plaintiff file an entirely separate but parallel lawsuit against J.D. Power, involving the same facts and same legal issues that are already before the Court here. Such an outcome would be highly inefficient, and would contravene Rule 15's policy in favor of "freely" granting leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The more just and efficient outcome is to resolve Plaintiff's claims against J.D. Power in this suit. Accordingly, Plaintiff's Motion for Leave should be granted.

## II.  ARGUMENT

### A.  Honda Has Failed To Establish That It Will Suffer Undue Prejudice If Plaintiff's Motion For Leave Is Granted.

Although it is Honda's burden to establish how or why granting leave to amend would result in undue prejudice, Honda has failed to do so. Honda does not provide any specific examples of how granting leave to amend will force it to incur additional expenses, re-depose witnesses or take new discovery, or be tactically disadvantaged in this litigation. Instead, Honda devotes much of its Opposition to discussing what it characterizes as delay. However, "[u]nder Ninth Circuit precedent, undue delay, by itself, is insufficient to justify denial of a motion to amend; rather, the opposing party must make some showing of prejudice, bad faith, or futility of amendment." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips*, No. CV 08-2068 PSG (FFMX), 2009 WL 650730, at *2 (C.D. Cal. March 12, 2009) (citing *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999)); *Lombana v. Green Tree Serv., LLC*, No. LA CV 14-8330 JCG, 2015 WL 3999366, at *2 (C.D. Cal. June 29, 2015) (same). But here, Honda does not explain how any purported delay has or will cause prejudice, let alone undue prejudice.

Honda's argument that there has been undue delay simply because this action is a year old is misleading, and it fails to account for the stops and starts in this case's procedural history. In actuality, this action's procedural posture has been stunted, because all discovery was stayed in the beginning of this case while Honda's Motion to Dismiss was pending. (Dkt. 27). Even after the Court denied Honda's Motion to Dismiss on October 9, 2015, Honda still failed to respond to Plaintiff's discovery requests that Plaintiff had propounded three months earlier. Nonetheless, once the Court denied Honda's Motion to Dismiss, Plaintiff continued diligently pursuing discovery by serving subpoenas on third-parties involved in Honda's calling activities.

Despite propounding discovery requests and serving subpoenas early on in this case, Plaintiff did not begin receiving discovery until much later. Although Plaintiff propounded document requests and interrogatories in July 2015, Honda did not ultimately respond to Plaintiff's discovery requests until February 12, 2016— and only after the Court ordered it do so. (Dkt. 41). As such, discovery in this case did not begin in earnest until February of this year. Even then, Honda only provided written responses to Plaintiff's discovery requests; Honda did not produce documents until over a month later, following the Court's entry of a protective order, (Dkt. 51). During this same period, the third-parties that Plaintiff had subpoenaed similarly refused to produce documents in the absence of a protective order.

Following the Court's entry of a protective order on March 29, 2016, Honda produced documents. However, at this point, neither of Honda's third-party agents had yet produced all of the documents that Plaintiff requested in his subpoenas, which left Plaintiff with an incomplete picture of the companies' relationships and their participation in Honda's calling activities. Even to date, despite Plaintiff's diligence in pressing for discovery, there are still documents outstanding. In fact, Plaintiff received another round of production from third-party Survey Sampling

International, LLC ("SSI") on July 22—just four days before the filing of this Reply.[2]

Like SSI's production, J.D. Power's subpoena compliance was also belated. J.D. Power did not produce documents until April 20, 2016. Even then, J.D. Power's production was materially incomplete, and Plaintiff had to hold numerous conferences with J.D. Power's counsel regarding a second round of production. Those talks continued over several months and only ceased once Plaintiff informed J.D. Power's counsel that Plaintiff was planning to seek leave to amend to add J.D. Power as a party defendant in this case.

As soon as Plaintiff received subpoena compliance from J.D. Power, Plaintiff's counsel began considering and researching whether to add J.D. Power as a defendant. After concluding that J.D. Power could be held jointly liable with Honda for violating the TCPA, Plaintiff's counsel informed J.D. Power's counsel as such and had a meet-and-confer with Honda's counsel on June 29, 2016 to discuss the instant Motion for Leave.

Accordingly, there were only about two months between April 20 when Plaintiff received subpoena compliance from J.D. Power and June 29 when Plaintiff's counsel had the meet-and-confer with Honda's counsel regarding this Motion. Two months is a reasonable length of time to review discovery and investigate additional parties. *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032, 2012 WL 929737, at *3 (C.D. Cal. March 19, 2012) (finding that "[t]wo months is a reasonable time frame in which to both investigate potential new [parties] and draft a motion to amend."). Indeed, as discussed in Plaintiff's opening memorandum, courts in the Ninth Circuit have allowed amendments that were far less timely.

---

[2] SSI is a company that operates call centers. Discovery produced by J.D. Power revealed that J.D. Power hired SSI to physically place the automated telemarketing calls involved in this case. Plaintiff issued a deposition subpoena to SSI, but the deposition has not yet occurred.

Plf's Reply in Support of Motion for Leave to Amend — 5 — Case No. 15-cv-04410-CBM-RAO

The procedural history leading up to Plaintiff's Motion for Leave thus demonstrates that Plaintiff has been diligent in pursuing discovery and seeking leave to amend well before the discovery deadline, and there has been no undue delay. For these same reasons, Plaintiff has met the "good cause" standard under Rule 16, which along with the addition of J.D. Power to this case, justifies a modest extension of the current pretrial schedule.

And, as Plaintiff pointed out in his opening memorandum, an extension of the discovery schedule would permit the Parties to complete existing discovery. The Parties timely noticed up the depositions of Plaintiff and a 30(b)(6) deposition of Honda but, due to scheduling issues, those depositions have not yet occurred. Expert discovery will then follow. A brief extension of the discovery schedule would permit the completion of outstanding discovery and would not burden or cause prejudice to either Party.

In sum, Honda's Opposition fails to account for this case's stunted procedural history, and completely ignores the fact that discovery was stayed at Honda's insistence during the pendency of its Motion to Dismiss (Dkt. 27). Further, Honda also elides how its failure to timely respond to Plaintiff's discovery requests and its delay with regard to entry of a protective order impeded Plaintiff's ability to obtain discovery, putting Plaintiff in the position where he is still receiving documents he requested months ago. Under these circumstances, even if it were true that Plaintiff had delayed in seeking leave to amend, that would not be a reason for denying leave to amend. *See R.S. v. City of Santa Ana*, No. 8:14-cv-00589-CAS (FFMx), 2015 WL 4652794, at * 5 (C.D. Cal. Aug. 4, 2015) ("delay, by itself, is insufficient to justify denial of leave to amend") (quoting *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987)). Despite the impediments to obtaining discovery, Plaintiff acted diligently in investigating his claims against J.D. Power, and did not unduly delay in bringing this Motion.

### B. Granting Plaintiff Leave To Amend Will Not Prejudice Honda's Plan To Move For Summary Judgment.

In Honda's only specific statement about how it will purportedly suffer prejudice, Honda states that granting Plaintiff's Motion for Leave will complicate and unnecessarily delay its plans to move for summary judgment. (Def's Opp., at 6). But it is hard to see how the filing of an amended complaint will create delay when Honda can move for summary judgment at any time it wishes. The Federal Rules of Civil Procedure allow Honda to move for summary judgment at any time within 30 days after the close of discovery. Fed. R. Civ. P. 56(b). Plaintiff's Motion for Leave does nothing to change this.[3]

It is also difficult to see how Plaintiff's Motion for Leave will "complicate" a motion that Honda has not even filed and which likely has not even been drafted yet. Plaintiff's Motion for Leave will not alter Honda's defenses or change the legal issues that are central to this case. Honda can therefore file the same motion raising the same arguments it had previously planned to make. Nor will Plaintiff's Motion for Leave require additional discovery by or from Honda in a way that would postpone its motion for summary judgment. As stated above and in Plaintiff's opening memorandum, Plaintiff's proposed Amended Complaint does not add new claims against Honda, does not add new theories of liability, and does not require Honda to re-depose any witnesses or reissue discovery requests.

Honda also states that it was hoping to circumvent Plaintiff's forthcoming renewed motion for class certification by filing an early summary judgment motion before Plaintiff moved for class certification. Honda's argument here leads to an absurd result. If having to oppose a motion for class certification is prejudicial, that would mean that every defendant in every class action is subject to undue prejudice merely by virtue of being a participant in the litigation. In actuality, every defendant

---

[3] Honda would actually have additional time to move for summary judgment if the discovery schedule is extended. Even so, Honda does not have to take advantage of that extra time if it does not need it. Honda can move for summary judgment whenever it wishes.

in a class action is expected to litigate a motion for class certification at some point, assuming the case is not settled or dismissed before then. Honda is no more prejudiced than any defendant in any class action.

It is also unclear whether Honda's plan to file an early summary judgment motion would even have the effect that Honda thinks it would. The Court has already given Plaintiff leave to re-file his motion for class certification after the completion of discovery, so Honda will have to respond to Plaintiff's forthcoming class certification motion regardless of whether an amended complaint is filed. And even if Plaintiff files his renewed class certification motion while Honda's motion for summary judgment is pending, Honda would still have to brief class certification. The Court could consider and decide the motions in whichever order the Court wanted, meaning that the Court could decide to certify a class before ruling on summary judgment. To the extent that Honda is correct that granting Plaintiff leave to amend and extending the discovery schedule will postpone the filing of a summary judgment motion, such a delay is simply the type of delay inherent in litigation generally and is not prejudicial. And in any case, it certainly does constitute undue prejudice in a manner that trumps Rule 15's liberal standards for amendment.

## III.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in his opening memorandum, Plaintiff respectfully requests that his Motion for Leave to File an Amended Complaint and to Extend the Discovery Schedule be granted.

Dated:  July 26, 2016                            Respectfully submitted,

SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals

By: /s/ Evan M. Meyers
One of Plaintiff's Attorneys

Plf's Reply in Support of Motion for Leave to Amend                  8                  Case No. 15-cv-04410-CBM-RAO

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

Evan M. Meyers (*pro hac vice*)
emeyers@mcgpc.com
Paul T. Geske (*pro hac vice* to be filed)
pgeske@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002

*Attorneys for Plaintiff and the putative class*

# CERTIFICATE OF SERVICE

I, Evan M. Meyers, certify that on July 26, 2016, I filed the foregoing *Plaintiff's Reply in Support of Motion for Leave to File an Amended Complaint* via the Court's CM/ECF electronic filing system. A copy of said document will be electronically transmitted to the following counsel of record:

Michael L. Mallow
mmallow@sidley.com
Rachel A. Straus
rstraus@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

Eric S. Mattson
emattson@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

/s/ Evan M. Meyers