David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff*
(*Additional counsel on signature page*)

```
                        FILED
              CLERK, U.S. DISTRICT COURT

                    AUG. 19, 2016

           CENTRAL DISTRICT OF CALIFORNIA
           BY:        YS         DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, and J.D. POWER AND ASSOCIATES, a Delaware corporation,<br><br>*Defendants*. | No. 15-cv-04410-CBM-RAO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**<br><br>DEMAND FOR JURY TRIAL |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, Samuel Katz, brings this First Amended Class Action Complaint against Defendants, American Honda Motor Co., Inc. ("Honda") and J.D. Power and Associates ("J.D. Power"), to stop Defendants' unlawful automated telemarketing

practices and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including investigation by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to solicit consumers for information, including information regarding customer satisfaction, Defendants, working with their agents, placed unsolicited, automated telemarketing calls to the cellular telephones of thousands of consumers nationwide.

2. By effectuating these unauthorized survey calls to Plaintiff and other individuals throughout the country, Defendants have violated federal law and the called parties' statutory rights, privacy rights, and their property rights in their cellphones. As a result, Plaintiff and the other call recipients have suffered actual harm, not only because they were subjected to the aggravation, annoyance, and invasion of privacy that necessarily accompanies unsolicited telemarketing calls, but also because the recipients often have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide Class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq.*, which protect consumers' privacy rights and the right to be free from receiving unsolicited automated telemarketing calls.

4. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized automated telephone calls and an award of statutory damages to the members of the class, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5.   This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6.   This Court has personal jurisdiction over Defendants, because Defendants are both headquartered in California and have permanent offices in this District, and because Defendants do business and transact business in this District.

7.   Venue is proper in the Central District of California, Western Division, because Defendants reside in this District, as they do business and transact business in this District, and because a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District.

## PARTIES

8.   Plaintiff is a citizen and resident of the Commonwealth of Massachusetts.

9.   Defendant American Honda Motor Co., Inc. is a California corporation headquartered in Torrance, California. Honda is registered to conduct and does conduct business in California, including in this District, as well as throughout the United States.

10.   Defendant J.D. Power is a Delaware corporation headquartered in California. J.D. Power is registered to conduct and does conduct business in California, including in this District, as well as throughout the United States. J.D. Power is an international marketing firm, known for performing customer-satisfaction surveys on behalf of clients in the automotive industry. J.D. Power monetizes the customer data it gathers by selling it to its automotive clients, like Honda, who purchase the data for the purpose of improving the goods and services they offer and retaining repeat customers.

**COMMON ALLEGATIONS OF FACT**

11. Defendant Honda is a manufacturer and distributor of automobiles sold throughout the United States. Honda distributes its automobiles under several brand names, including Acura.

12. While Honda does not distribute its vehicles itself, Honda partners with local third-party dealers throughout the country for the sale and distribution of its automobiles.

13. As an ordinary business practice, Honda requires its member dealers to obtain telephone numbers from their customers and then to provide those numbers to Honda. Honda then works with its agent, J.D. Power, to make automated telephone calls to Honda's customers and Honda dealers' customers to conduct surveys and solicit feedback with the ultimate purpose of building clientele and repeat customers. These calls also serve other commercial purposes, such as encouraging consumers to repatronize Honda dealerships by purchasing additional Honda goods and services.

14. J.D. Power created this telemarketing program for Honda to assist Honda in analyzing data from customer feedback and promoting customer loyalty.

15. However, Honda's dealer network and J.D. Power's administration processes lack the procedures necessary to confirm that the telephone numbers Defendants call belong to consumers who have actually provided their consent to receive automated telemarketing calls and calls soliciting information.

16. As a consequence, many of the telephone numbers in Defendants' automated calling database do not belong there, resulting in Defendants routinely placing automated calls to consumers who have never provided their consent to receive such calls from Defendants.

17. Defendants' practice of making unauthorized robocalls to consumers who did not consent to receive such calls is widespread and well-documented, as seen from just a few samples of the many complaints involving robocalls placed by Defendants that have been publicly posted online:

- "They keep calling. It shows [A]cura, but no one answers. I wait 15 seconds & hang up. This is very annoying."

- "I do not own an Acura, but my boyfriend does and my phone number is not associated with his car or account. We just received the call at the exact same time and don't understand why."

- "I also had my Acura serviced last week and a hang up call came today. Very unprofessional for Acura."

- "I believe I have had more than 10 calls from this number on my CELL phone! Fortunately, I figured out how to block this caller. I answered once, a young woman said she was from Acura.........and I hung up. I don't own an Acura. I really hate these robo-calls."

18. Plaintiff is the owner of an Acura automobile.

19. Beginning in or about March 2015, Defendants began placing unsolicited robocalls to Plaintiff's cellular telephone after Plaintiff took his Acura vehicle to a dealership for service.

20. During that visit, Plaintiff provided his phone number to the Acura dealer for the limited purpose of allowing the dealer to call him in connection with the service performed on his car.

21. Following Plaintiff's visit to the Acura dealership, on March 17, 2015, Plaintiff's cellphone rang and indicated that he was receiving a phone call from 410-774-8480, a phone number that Defendants routinely utilize to place automated calls to consumers.

22. Plaintiff received these unwanted and unsolicited robocalls several more times over the following weeks.

23. Plaintiff did not initially recognize the phone number that the calls were coming from, but he knew that the calls were unsolicited, and he suspected that the calls were coming from a telemarketer.

24. Plaintiff called the phone number back in an effort to determine the identity of the caller, but he was unable to confirm that the calls were coming from Defendants until after an investigation conducted by his attorneys.

25. The calls to Plaintiff were made by Defendants as part of the Acura Client Excellence program. Defendants created this calling program in an effort to create loyal customers who are a source of repeat business, and thus increase sales of Honda's products and services.

26. During such Acura Client Excellence calls, the called party is asked a number of questions regarding their overall service experience at the Honda or Acura dealership that they visited. Defendants ask these questions to aid Honda's member dealers in providing potential customers with goods and services.

27. Each telemarketing call that Plaintiff received from Defendants invaded Plaintiff's privacy and interfered with his activities when he received it. Plaintiff found Defendants' unauthorized calls to be a nuisance, because they were a distracting waste of time, and Plaintiff had to spend time reviewing the calls and determining why he had received them.

28. Defendants' calls also interfered with Plaintiff's property rights in his cellphone, because the calls temporarily occupied the capacity of his phone, interrupting and interfering with his unrestricted use of the phone.

29. Plaintiff has suffered actual, concrete harm as a result of Defendants' telemarketing calls, and his cellphone is at risk of receipt of additional robocalls from Defendants.

30. Defendants place these automated calls, including the calls made to Plaintiff, en masse using equipment that functions as a "predictive" dialer, and that has the present capacity to automatically place calls without human intervention until the called party answers the call, at which time the automatic dialer attempts to connect the called party with a human representative or an automated prompt.

31. At no time did Plaintiff provide Defendants with consent to place such robocalls or any such telemarketing calls to his cellular telephone number.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and a nationwide class (the "Class") defined as follows:

> All persons in the United States and its Territories whose cellular telephones were called without their consent, for a telemarketing purpose, by on behalf of Defendants, through the use of an automatic telephone dialing system, and within four years prior to the commencement of this litigation.

33. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

34. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The

class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

35. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

36. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

37. Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

38. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    (a) Whether Defendants or their agents placed automated telephone calls for the purpose of soliciting customer information;

    (b) Whether such calls were placed using an automatic telephone dialing system;

    (c) Whether Defendants or their agents placed telephone calls seeking customer information using an automatic telephone dialing system to persons who did not previously provide Defendants with prior express

consent to receive such calls on their respective cellular telephone numbers;

(d) Whether Defendants or their agents placed automated telemarketing calls to those individuals who did not provide Defendants with prior express written consent to receive such calls;

(e) Whether the unauthorized calls made by Defendants using an ATDS violated the TCPA;

(f) Whether Defendants' conduct in violation of the TCPA was willful such that the members of the Class are entitled to treble damages; and

(g) Whether Defendants should be enjoined from continuing to engage in such conduct.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227) on behalf of the Class

39. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40. Defendants made unsolicited telephone survey calls without prior express consent, including any written consent, using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class.

41. Defendants' calls constitute telemarketing under 47 C.F.R. 64.1200(f)(12), because they were placed for the purpose of encouraging the called parties to purchase property, goods, and services from Honda and its member dealerships.

42. Each such automated call was made using equipment that had the capacity at the time the calls were placed to function as a predictive dialer and to

1  store or produce telephone numbers to be called using a random or sequential
2  number generator and to dial such numbers without human intervention.

3      43.    Defendants' conduct violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

4      44.    Defendants' conduct has also resulted in actual damages to Plaintiff and
5  the other members of the Class. As alleged above, Defendants' telemarketing calls
6  violated the privacy rights, statutory rights, and property rights of Plaintiff and the
7  other members of the Class.

8      45.    Under 47 U.S.C. §227(b)(3)(B), as a result of Defendants' illegal
9  conduct, the members of the Class are each entitled to, inter alia, a minimum of
10 $500.00 in damages for each such violation of the TCPA.

11     46.    To the extent Defendants are found to have known, or should have
12 known, that they did not have valid prior express consent or, where applicable, prior
13 express written consent to send the unlawful calls at issue, the Court should treble
14 the amount of statutory damages recoverable by Plaintiff and members of the Class
15 pursuant to section 227(b)(3)(C).

16 <center>**REQUEST FOR RELIEF**</center>
17 Plaintiff, on behalf of himself and the Class, requests the following relief:
18     A.    An order certifying the Class as defined above;
19     B.    An award of statutory damages;
20     C.    An injunction requiring Defendants to cease all unauthorized
21           automated telephone activities;
22     D.    An award of reasonable attorneys' fees and expenses of litigation; and
23     E.    Such further and other relief as the Court deems just or equitable.

24 <center>**JURY DEMAND**</center>
25 Plaintiff requests trial by jury of all claims that can be so tried.

26
27
28

| | |
|---|---|
| Dated: _____, 2016 | Respectfully submitted, |
| | SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals |
| | By: /s/_____ |
| | One of Plaintiff's attorneys |

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

Evan M. Meyers (*pro hac vice*)
emeyers@mcgpc.com
Paul T. Geske (*pro hac vice* to be filed)
pgeske@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002

*Attorneys for Plaintiff and the Putative Class*