1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>          Plaintiff,<br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC., *et al.*<br><br>          Defendants. | Case No.:  15-cv-4410-CBM-RAOx<br><br>**ORDER RE: DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT** |

18    The matter before the Court is Defendants' Joints Motion for Summary

19  Judgment (the "Motion").  (Dkt. No. 84.)

20                    **I.    BACKGROUND**

21    Plaintiff filed a class action complaint against Defendant American Honda

22  Motor Co., Inc. ("Honda") on June 10, 2015, for violation of the Telephone

23  Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Plaintiff filed a First

24  Amended Complaint ("FAC") upon receiving leave to amend from the Court on

25  August 19, 2016, which added J.D. Power and Associates as a named defendant.

26  (Dkt. No. 63.)

27                 **II.    STATEMENT OF THE LAW**

28    On a motion for summary judgment, the Court must determine whether,

viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. *Simo v. Union of Needletrades, Indus. & Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *Id*. at 248.

The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Rather, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Anderson*, 477 U.S. at 255. But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Id*. at 252. "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted).

### III.  DISCUSSION

#### A.  Standing

The Court finds Plaintiff has Article III standing to pursue his TCPA claim in this action. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017). Although Plaintiff did not answer the calls, Plaintiff's receipt of the calls demonstrates a concrete injury in fact for standing to pursue his TCPA claim.

1    *Id.* at 1043.

2    **B.    TCPA**

3    The three elements of a TCPA claim are:  (1) the defendant called a cellular

4    telephone number;[1] (2) using an automatic telephone dialing system; (3) without

5    the recipient's prior express consent.  *Meyer v. Portfolio Recovery Assocs., LLC*,

6    707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).

7    **(1)    Automatic Telephone Dialing System**

8    The TCPA defines "automatic telephone dialing system" as "equipment

9    which has the ***capacity*** . . . (A) to store or produce telephone numbers to be called,

10   using a random or sequential number generator; and (B) to dial such numbers."

11   47 U.S.C. § 227 (emphasis added).  "[T]he clear language of the TCPA mandates

12   that the focus must be on whether the equipment has the *capacity* to store or

13   produce telephone numbers to be called, using a random or sequential number

14   generator," not whether the equipment actually does so.  *Meyer*, 707 F.3d at 1043

15   (emphasis in original) (internal quotations and citations omitted).[2]

16   It is undisputed:  (1) the Predictive Dialer is used by Survey Sampling

17   International, LLC ("SSI") to make phone calls to landline telephone numbers,

18   and (2) the CellPhone Server is used by SSI to call cellphone numbers, including

19   Plaintiff's cellphone.  Defendants, however, offer evidence:  (1) the Predictive

20   Dialer is an automated dialing system; (2) the CellPhone Server does not have the

21   capacity to progressively, sequentially, or randomly dial mobile numbers and does

22   not have features for automated or predictive dialing; and (3) the CellPhone Server

23   and Predictive Dialer are separate and distinct systems.  (*See* Lauritzen Decl. ¶¶ 3-

24   6, Lauritzen Depo. 16:10-17, 110:23-111:12, 122:13-123:15; Mallow Decl. Exs. I,

25   J.)  Plaintiff, on the other hand, offers evidence the CellPhone Server and

26   _____

[1] There is no dispute Plaintiff received calls on his cellphone.

27
[2] *See also Flores v. Adir Int'l, LLC*, --- Fed. App'x ----, 2017 WL 1101103, at *1
28   (9th Cir. Mar. 24, 2017); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951
     (9th Cir. 2009).

Predictive Dialer are part of a single integrated system capable of initiating automated calls and predictively dialed calls. (*See* Snyder Decl. ¶¶ 21-24, 27, 30, 32-34.) Because there is conflicting evidence regarding whether the CellPhone Server and Predictive Dialer used by SSI to make the calls are part of a single integrated system, or two separate and distinct systems, the Court finds a genuine issue of material fact exists as to whether an automatic telephone dialing system was used to make the calls.

### (2)   Consent

It is undisputed Plaintiff provided his cellphone number to his Acura dealer in connection with the service of his vehicle.[3] (Plaintiff Depo. 75:10-20; Plaintiff Decl. ¶ 5.) Accordingly, Plaintiff consented to receiving non-telemarketing and non-advertising calls from Defendants. *See* 30 F.C.C. Rcd. 7961, 7991-92 (F.C.C. 2015);[4] *see also Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1098–99 (N.D. Cal. 2015); *Daniel v. Five Stars Loyalty, Inc.*, 2015 WL 7454260, at *6 (N.D. Cal. Nov. 24, 2015).

Prior express written consent, however, is required for telemarketing and advertising calls to cellphone numbers. *See* 47 C.F.R. § 64.1200(a)(2). The evidence demonstrates the calls to Plaintiff were advertising because they were made for customer service purposes and to increase future sales and revenue. *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 917 (9th Cir. 2012). There is no evidence, however, of Plaintiff's prior express written consent to receive telemarketing and advertising calls.

/ / /

/ / /

/ / /

---

[3] The fact Plaintiff provided his cellphone number to the dealership (rather than SSI) is irrelevant. *See Baird v. Sabre, Inc.*, 636 F. App'x 715, 716 (9th Cir. 2016).
[4] The Court is bound by the FCC's orders interpreting the TCPA. *See Baird*, 636 Fed. App'x at 716.

1

## IV.  CONCLUSION

2          Accordingly, the Court **DENIES** Defendants' Joint Motion for Summary

3    Judgment.

4

5          **IT IS SO ORDERED.**

6

7    DATED:  May 12, 2017.    _____

8                             CONSUELO B. MARSHALL
                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28