Michael L. Mallow, SBN 188745
mmallow@sidley.com
Rachel A. Straus, SBN 268836
rstraus@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Eric S. Mattson (admitted *pro hac vice*)
emattson@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendant*
*American Honda Motor Co., Inc.*

Justin M. Penn, SBN 302350
jpenn@hinshawlaw.com
HINSHAW CULBERTSON LLP
22 N. LaSalle Street, Suite 300, Chicago, IL 60601
Telephone: (312) 704-3157
Facsimile: (312) 704-3001

*Attorneys for Defendant*
*J.D. Power and Associates*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, and J.D. POWER AND ASSOCIATES, a Delaware corporation,<br><br>Defendants. | Case No. 15CV04410-CBM-RAO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING CLASS CERTIFICATION**<br><br>Date: August 15, 2017<br>Time: 10:00 am<br>Location: Courtroom 8B<br>Judge: Consuelo B. Marshall |

# TABLE OF CONTENTS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 2

ARGUMENT ........................................................................................................ 3

I.    Plaintiff Cannot Show "Clear Error" ................................................ 5

II.   The Court Did Not Manifestly Fail to Consider Material Facts ..... 7

III.  Plaintiff Is Not Entitled to Leave to Renew His Motion ................. 8

CONCLUSION ................................................................................................... 10

i

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*389 Orange St. Partners v. Arnold*,
   179 F.3d 656 (9th Cir. 1999) ................................................................................ 6

*Andrews Farms v. Calcot, Ltd.*,
   No. CV-07-0464, 2010 WL 3341963 (E.D. Cal. Aug. 23, 2010) .......................... 9

*Backlund v. Barnhart*,
   778 F. 2d 1386 (9th Cir. 1985) ............................................................................. 5

*Chagby v. Target Corp.*,
   No. CV 08–4425, 2009 WL 398972 (C.D. Cal. 2009) ......................................... 7

*Chloe SAS v. Sawabeh Info. Servs. Co*,
   No. CV 11-04147, 2013 WL 901986 (C.D. Cal. Jan. 31, 2013) ........................... 7

*Daniel v. Five Stars Loyalty, Inc.*,
   No. 15-cv-3546, 2015 WL 7454260 (N.D. Cal. Nov. 24, 2015) .......................... 4

*Friend v. Hertz Corp.*,
   No. C-07-5222, 2014 WL 4415988 (N.D. Cal. Sept. 8, 2014) ............................. 9

*Gustafson v. BAC Home Loans Servicing, LP*,
   No. SACV11915, 2014 WL 10988335 (C.D. Cal. Feb. 5, 2014) .................... 8, 9

*Hartman v. United Bank Card, Inc.*,
   291 F.R.D. 591 (W.D. Wash. 2013) ..................................................................... 9

*Legge v. Nextel Commc'ns, Inc.*,
   2004 WL 5235587 (C.D. Cal. June 25, 2004) ...................................................... 8

*Mogel v. UNUM Life Ins. Co.*,
   677 F. Supp. 2d 362 (D. Mass. 2009) ................................................................... 9

*In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
   27 F.C.C. Rcd. 1830 (F.C.C. Feb. 15, 2012) ........................................................ 6

ii

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410**

*Salinas v. City of San Jose*,
  No. 5:09–cv–04410, 2011 WL 3739555 (N.D. Cal. Aug. 23, 2011) ...................... 8

*Smith v. Blue Shield of California Life & Health Ins. Co.*,
  SACV 16-00108, 2017 WL 167451 (C.D. Cal. Jan. 13, 2017) .............................. 4

*Smith v. Clark County Sch. Dist.*,
  727 F.3d 950 (9th Cir. 2013) ................................................................................ 5

*Sullivan v. All Web Leads, Inc.*,
  No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017) .............................. 6, 7

*Union Pacific R.R. Co. v. Coast Packing Co.*,
  236 F. Supp. 2d 1130 (C.D. Cal. 2002) ................................................................ 5

*United States Parole Comm. v. Geraghty*,
  445 U.S. 388 (1980) .............................................................................................. 9

*Wolf v. C.L. "Butch" Otter*,
  No. 1:12-CV-00526, 2016 WL 1050253 (D. Idaho Mar. 16, 2016) ...................... 9

*Zimmerman v. City of Oakland*,
  255 F.3d 734 (2001) .............................................................................................. 6

**Statutes**

Telephone Consumer Protection Act ........................................................................ 2

**Other Authorities**

47 C.F.R. § 64.1200 .................................................................................................. 6

47 C.F.R. § 64.1200(f)(3) ................................................................................. 1, 5, 6

47 C.F.R. § 64.1200(f)(8) ..................................................................................... 3, 5

Federal Rule of Civil Procedure 59(e) .................................................................. 5, 6

L.R. 7-12 ............................................................................................................... 3, 8

L.R. 7-18(a) .............................................................................................................. 5

Local Rule 7-18 ............................................................................................... 3, 4, 5, 7

Rule 23(b)(3) ............................................................................................................ 3


Rule 23(c) ................................................................................................................. 8

Rule 23(f) ................................................................................................................. 4

iv

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410**

# INTRODUCTION

On June 29, 2017, this Court denied Plaintiff's motion for class certification. It was already Plaintiff's second bite at the apple, as his initial motion had been denied the year before. The argument and briefing in connection with the latest class certification motion was extensive: Plaintiff not only filed opening and reply memoranda and engaged in lengthy oral argument before the Court; he also filed three "notices" with "supplemental" declarations and authorities. Nonetheless, Plaintiff now moves for reconsideration, seeking yet another opportunity to argue the same issues that were already exhaustively briefed and considered. The motion should be denied.

Plaintiff principally argues that the Court erred by failing to cite a particular regulation – 47 C.F.R. § 64.1200(f)(3) – and failing to apply that regulation to the question of whether certain lease agreements contained consent language that was clear and conspicuous. Yet Plaintiff himself *never cited* this regulation in any of his class certification briefs. He cannot now raise the provision as a basis for reconsideration. In any event, Plaintiff's motion should be denied because (a) the Court properly relied on authoritative guidance from the Federal Communications Commission, which reflects the governing standard, and (b) the consent language at issue was in fact "clear and conspicuous," as the Court correctly found.

Plaintiff also argues that the Court failed to consider whether Plaintiff should be allowed to pursue certification of a subclass and whether he should be allowed to renew his class certification motion with a narrower class definition. But the Court fully considered the subclass issue, as is evident from the lengthy colloquy at oral argument about that topic, and it properly exercised its discretion to deny Plaintiff's request. There is no basis for reconsideration, nor is there any basis to grant leave for Plaintiff to renew his motion yet again, given that Plaintiff has already had multiple opportunities to define and re-define the proposed class.

## BACKGROUND

The relevant background is reflected in this Court's docket and its order denying class certification. Plaintiff filed this action against Defendant American Honda Motor Co., Inc. ("Honda"), alleging that its customer service survey calls violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff's initial motion for class certification was denied in early 2016. Thereafter, the Court permitted Plaintiff to file a second motion for class certification, along with an amended complaint that added Defendant J.D. Power and Associates.

Plaintiff's second motion for class certification was filed on January 31, 2017. In opposition, Defendants argued, among other things, that individualized issues would predominate as to whether different putative class members provided valid consent to receive the calls or agreed to arbitrate their claims through agreements executed by some, but not all, customers. Defendants also challenged Plaintiff's typicality.

The Court held argument on April 25, 2017. The Court questioned Plaintiff's counsel at length about the individualized issues raised by the consent issue and the need to review varying agreements. *See, e.g.,* Declaration of Rachel A. Straus Ex. A (Apr. 25, 2017 Hearing Tr.) at 16-20. The Court also questioned Plaintiff's counsel about the potential for a subclass, noting "you also, as an alternative, suggest [a] sub class, but you don't identify or define the subclass." *Id.* at 20-21. This colloquy continued at length, with the Court pressing Plaintiff's counsel on whether the proposed subclass would be an improper "fail safe" class, as well as for details on what a trial would look like, who would testify, and how the Court could make critical legal and factual determinations. *See id.* at 21-27.

After the hearing, Plaintiff made supplemental filings that effectively initiated an entire new round of briefing. On May 1, 2017, Plaintiff filed a supplemental declaration by the proposed claims administrator purporting to respond to the Court's questions about the feasibility of subclasses. On May 3, 2017, Defendants filed their

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410

response explaining, among other things, that the declaration was untimely, that the claims administrator was not qualified to analyze agreements and make determinations about subclasses, that Plaintiff's proposal sought an improper "fail safe" class, and that the subclasses lacked a proper representative.

On June 6, 2017, Plaintiff filed a further "Notice of Supplemental Authority" that, in reality, was an excuse for a six-page reply brief to Honda's prior submission. On June 12, 2017, Honda filed a further response.

On June 29, 2017, the Court issued its order denying class certification. At the outset of the opinion, the Court recognized the extensive post-hearing briefing while noting that it "has not considered new arguments contained therein in ruling on the Motion," consistent with L.R. 7-12. Dkt. 150, at 1 n.1. In analyzing the motion, the Court further observed that it would consider "the proposed class definition set forth in the Motion, even though it is different from the class definition pled in the FAC." *Id.* at 3 n.3.

On the substance, the Court agreed that Defendants had presented evidence of agreements with a "clear and conspicuous" disclosure that validly authorized telemarketing calls under the applicable regulation, 47 C.F.R. § 64.1200(f)(8), and the FCC's interpretation of it. *Id.* at 6 & n. 9. The Court further explained that the need for "individualized inquiries and determinations as to whether each class member" signed such an agreement defeated predominance under Rule 23(b)(3). *Id.* at 7-8. The Court also found a lack of typicality because Plaintiff, who did not sign any such agreement, could not represent those who did. *Id.* at 4-5. In addition, the Court "decline[d] to modify Plaintiff's proposed class definition to create a subclass/subclasses or to exclude consenting customers." *Id.* at 8 n.13.

## ARGUMENT

Motions for Reconsideration in this district are governed by Local Rule 7-18, which provides a high hurdle for any movant:

3

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410**

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion,

L.R. 7-18. The first two criteria, both of which involve the discovery of new evidence or new legal standards, do not apply here, as Plaintiff points to no new evidence or new legal standards. That leaves the third criterion, which requires Plaintiff to make a "manifest showing of a failure to consider material facts presented to the Court." As explained below, Plaintiff has not come close to doing so.

Moreover, although Defendants believe it would be futile, a Rule 23(f) petition would be the proper procedure for Plaintiff to argue whether this Court's ruling denying certification was improper, not a motion for reconsideration. It is worth noting that Defendants respectfully disagree with the Court's decision denying Defendants' Motion for Summary Judgment, specifically the Court's characterization that the calls at issue in this case constitute telemarketing and/or advertising. The purpose of the calls was not telemarketing, i.e., they were not made to "encourage[] the listener to make future purchases," and they certainly were not advertising, i.e., "to increase future sales and revenue." Rather, the calls were innocuous customer satisfaction follow-up calls.[1] But instead of wasting Court and party resources pursuing a motion for reconsideration when there are no new facts, no change of law,

---

[1] As many other courts have found, this sort of "brand loyalty" aspiration is "too attenuated to give rise to clear, unequivocal implication" of telemarketing. *Smith v. Blue Shield of California Life & Health Ins. Co.*, SACV 16-00108, 2017 WL 167451, at *9 (C.D. Cal. Jan. 13, 2017) (citing cases); *see also Daniel v. Five Stars Loyalty, Inc.*, No. 15-cv-3546, 2015 WL 7454260, at *4 (N.D. Cal. Nov. 24, 2015) ("To the extent that it could be reasonably inferred based on the context or otherwise that the text's purpose was also to 'encourage future purchasers at Flame Broiler,' that purpose is simply too attenuated to make the text telemarketing.").

4
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410

and no failure of the Court to consider material facts, Defendants will abide by the proper procedures for pursuing their arguments that the Court's decision was incorrect.

## I. Plaintiff cannot show "clear error," which in any event is not the standard for motions for reconsideration.

Plaintiff's first argument is that the Court committed "clear error" by finding that Honda submitted sufficient evidence of valid consent. According to Plaintiff, although the Court found the disclosure "clear and conspicuous" and "unambiguous" under 47 C.F.R. § 64.1200(f)(8), the Court did not specifically and separately address 47 C.F.R. § 64.1200(f)(3). *See* Pl. Mem. at 4-8. Section 64.1200(f)(3) defines "clear and conspicuous" to mean that the notice "would be apparent to the reasonable consumer, separate and distinguishable from the advertising copy or other disclosures."

At the outset, Plaintiff's "clear error" standard comes from courts interpreting Federal Rule of Civil Procedure 59(e). *See Smith v. Clark County Sch. Dist.*, 727 F.3d 950 (9th Cir. 2013); *cf. Backlund v. Barnhart*, 778 F. 2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration from summary judgment governed by Rule 59(e) motion to amend or alter judgment). Rule 59(e) is inapplicable here because there is no judgment, and Plaintiff does not explain how his "clear error" standard fits within Local Rule 7-18 – it plainly does not. In any event, this argument fails for three reasons.

First, Plaintiff himself never cited 47 C.F.R. § 64.1200(f)(3) in his class certification briefing. Instead, his argument was solely directed to § 64.1200(f)(8), which the Court expressly cited and addressed. *See, e.g.,* Dkt. 114, at 2-4. This failure alone precludes him from seeking reconsideration. "A mere attempt by the moving party to reargue its position by directing this Court to additional case law and ... arguments which it clearly could have made earlier, but did not ... is not the purpose of motions for reconsideration under Local Rule 7-18." *Union Pacific R.R. Co. v.*

5

*Coast Packing Co.*, 236 F. Supp. 2d 1130, 1137-38 (C.D. Cal. 2002); *cf.* L.R. 7-18(a) (requiring that reconsideration be based on a variation in law or fact that "in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision"). Even under Rule 59(e), a party cannot seek reconsideration based on "clear error" if it did not sufficiently raise the point in the original briefing. *See, e.g.*, *389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999); *Zimmerman v. City of Oakland*, 255 F.3d 734, 741 (2001).[2]

Second, the Court used the correct legal standards. In addition to citing § 64.1200(f)(8), the Court cited an FCC order, *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (F.C.C. Feb. 15, 2012). *See* Dkt. 150, at 6-7 n.9. The FCC's order comprehensively describes the relevant requirements, including subsections 64.1200(f)(3) and (f)(8). It was entirely proper for the Court to follow that guidance. Plaintiff faults the Court for finding that Honda's disclosure was "unambiguous" because "[t]he term 'unambiguous' does not appear anywhere in 47 C.F.R. § 64.1200," but this ignores the fact that the FCC order repeatedly summarizes the regulations as addressing whether consumers "agree unambiguously to receive such calls." The Court correctly found that Honda's language was "clear and conspicuous" and that customers signing them "unambiguously agreed" to receive such calls. Those findings confirm that the disclosures were sufficiently distinguishable so as to be apparent to consumers.

Third, the consent provision at issue was in fact "clear and conspicuous." As the Court's order reflects, the consent provision appeared in a separate paragraph specifically titled, in bold, "Communication with Lessor," and it was separate from disclosures about unrelated topics (such as the class action waiver, credit reporting,

---

[2] It is also worth noting that Plaintiff cites to UCC authority about "what makes contract language distinguishable." *See* Mem. at 7-8. Plaintiff never cited to this, or any other UCC authority, in his class certification briefing.

power of attorney, and limitations on liability). The consent language thus satisfied § 64.1200(f)(3).

To support his theory, Plaintiff cites *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017), but that case is inapposite. *Sullivan* addressed whether online "clickwrap" or "browsewrap" agreements provide "reasonable notice" when, for example, the relevant terms are placed *below* the "submit" button, such that users may click the button without ever seeing the terms. *See id.* at *7-8. *Sullivan* merely held that, for purposes of a motion to dismiss, it would allow the claim to proceed. Nothing in *Sullivan* suggests that this Court failed to consider material facts here.

## II. The Court did not manifestly fail to consider material facts.

Plaintiff also argues that the Court "failed to consider material facts contained in the declaration of Plaintiff's proposed claims administrator," as related to the feasibility of creating sub-classes. *See* Mem. at 12-16. The argument is simply a re-hash of what Plaintiff argued in his "supplemental" briefing and thus violates Local Rule 7-18. In any event, it too fails as a basis for reconsideration.

Plaintiff has made no showing of a "manifest failure" to consider the argument. As described above, the Court at the hearing focused on the feasibility issues raised by a potential sub-class and was fully aware of Plaintiff's argument that his proposed claims administrator could readily sort consumers into different buckets. In its order, the Court acknowledged Plaintiff's post-hearing submission, as well as Honda's responses. Dkt. 150, at 1 n.1. Ultimately, the Court "decline[d] to modify Plaintiff's proposed class definition to create a subclass/subclasses." *Id.* at 8 n.13 (citing *Legge v. Nextel Commc'ns, Inc.*, 2004 WL 5235587, at *17 (C.D. Cal. June 25, 2004), a case that similarly declined to create subclasses on the record before it).

That the Court did not expressly itemize its reasons for rejecting Plaintiff's belated declarations and subclass arguments is not a basis for reconsideration. A court "is under no obligation to explicitly address each and every one of [a party's]

7

arguments." *Chloe SAS v. Sawabeh Info. Servs. Co*, No. CV 11-04147, 2013 WL 901986, at *5 (C.D. Cal. Jan. 31, 2013); *see also Chagby v. Target Corp.*, No. CV 08–4425, 2009 WL 398972, at * 1 (C.D. Cal. 2009) ("Plaintiff's Motion does not satisfy subsection (C) of Local Rule 7–18 and is therefore an improper motion for reconsideration.... We need not, and are not required to, address every single allegation made in Plaintiff's Complaint, or argument made in Plaintiff's opposition, in the Order"); *Salinas v. City of San Jose*, No. 5:09–cv–04410, 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) ("[T]he fact [that] the court did not address every point or every case cited by [Defendant] ... does not equate to a failure to consider dispositive arguments, especially when the Order appears complete on its face.").

The Court was also under no obligation to consider declarations and new arguments submitted after the hearing. No provision of the Local Rules authorizes such submissions, and courts may disregard them. *See* L.R. 7-12. As the Court observed at the hearing, Plaintiff could have provided a clear definition or explain the subclass in briefing prior to the hearing. He cannot now demand reconsideration of untimely submissions he had no right to file in the first place.

In any event, Defendants have explained, in detail, why the belated claims administrator declaration did not explain away the need for individual inquiries. *See* Dkt. 137, 146. The Court's Order, including with its citation to *Legge*, can be properly read as agreeing with those arguments and is amply justified on those grounds.

**III.  Plaintiff is not entitled to leave to renew his motion.**

Plaintiff's final request is that, even if the Court declines to reconsider the Order itself, the Court should grant leave to file a *third* motion for class certification with a new class definition. That request, too, should be denied.

Contrary to what the motion suggests, plaintiffs who lose class certification are not "entitled" to file renewed motions. Rule 23(c) vests district courts with broad discretion about whether to revisit the class determination. *Gustafson v. BAC Home*

8

*Loans Servicing, LP*, No. SACV11915, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014). "Reconsideration of an original class ruling typically occurs as a result of a change in circumstances and in the absence of materially changed or clarified circumstances, courts should not condone a series of rearguments on the class issues by either the proponent or opponent of the class." *Id.* (quotation and alterations omitted). Courts need not allow a renewed motion based on a party's "desire to have a second or third run at the same issues." *Id.* (quotation omitted). Encouraging plaintiffs to seek overbroad classes – knowing they can simply file a renewed motion with a narrower or alternative class – "would promote tactics that waste the limited resources of the Court and unnecessarily protract the litigation." *Id.*

For these reasons, courts regularly decline to grant leave for a renewed class certification motion, absent a material change in circumstances. *See id.*; *see also, e.g., Wolf v. C.L. "Butch" Otter,* No. 1:12-CV-00526, 2016 WL 1050253, at *4 (D. Idaho Mar. 16, 2016) (denying motion for reconsideration of class certification denial; court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"); *Friend v. Hertz Corp.*, No. C-07-5222, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("In the absence of subsequent developments warranting a revision, however, the Court ordinarily has little reason to revisit the issue of the propriety of its original determination."); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 596-97 (W.D. Wash. 2013) (denying motion for reconsideration of denial of class certification because "reconsideration of an original class ruling typically occurs as a result of a change in circumstances...Thus, Plaintiffs must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues."); *Mogel v. UNUM Life Ins. Co.,* 677 F. Supp. 2d 362, 365 (D. Mass. 2009) (denying leave to amend and pursue new class definition).

The cases Plaintiff cites purportedly holding that he is "entitled" to file yet another motion are inapposite. They stand for the proposition that a plaintiff should

9

be given the opportunity to propose subclasses if he did not previously have one. *See United States Parole Comm. v. Geraghty*, 445 U.S. 388, 408 (1980) (noting that remand was appropriate because plaintiff "had no real opportunity" to request subclasses); *Andrews Farms v. Calcot, Ltd.*, No. CV-07-0464, 2010 WL 3341963, at *7 (E.D. Cal. Aug. 23, 2010) (finding that, where the defendant raised a conflict of interest, plaintiff should be given the opportunity to propose subclasses to resolve the conflict). Here, as explained above, Plaintiff had the opportunity to address the subclass issue, and the Court considered the argument and rejected it. Moreover, as explained in Defendants' prior responses, any such renewed motion would be futile.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Court deny Plaintiff's motion for reconsideration.

Dated: July 25, 2017

SIDLEY AUSTIN LLP

By: /s/ Michael L. Mallow

Michael L. Mallow
Attorneys for Defendant
American Honda Motor Co., Inc.

HINSHAW & CULBERTSON LLP

By: /s/ Justin M. Penn

Justin M. Penn
Attorneys for Defendant
J.D. Power & Associates

10
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING CLASS CERTIFICATION
CASE NO. 15-CV-04410

219927980v.5