David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff*
[Additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, and J.D. POWER AND ASSOCIATES, a Delaware corporation,<br><br>*Defendants*. | Case No. 2:15-cv-04410-CBM-RAO<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Consuelo B. Marshall<br><br>Hearing Date: August 15, 2017<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 8B |

Plaintiff, Samuel Katz, by and through his undersigned attorneys, and for his Reply in Support of Motion for Reconsideration of Order Denying Motion for Class Certification (hereinafter "Motion to Reconsider"), states as follows:

---

## I. INTRODUCTION

In his opening memorandum, Plaintiff argued that the Court's Order[1] denying certification warrants reconsideration on two grounds: first, the Court erred in finding that the consent disclosures in the 2015 Acura Luxury Lease Agreement (Dkt. 152-2, the "Lease" or "Lease Agreement") are "clear and conspicuous," because the Court did not apply the controlling definition for clarity and conspicuousness from the TCPA's regulations, 47 C.F.R. § 64.1200(f)(3); and second, the Court relied on erroneous facts and failed to consider material facts in declining to certify a modified class of non-lessees for whom Defendants produced no evidence of prior express written consent. Defendants largely ignore the merits of Plaintiff's arguments about certifying a modified class of non-lessees, and instead focus on the Lease Agreement, asserting that the Court is precluded from even considering whether its finding was "clear error."

Defendants initially contend that Plaintiff "did not sufficiently raise the point [of clarity and conspicuousness] in the original briefing," and that "this alone" precludes the Court from considering whether it failed to apply the controlling standard for clarity and conspicuousness contained in Section 64.1200(f)(3). (Dkt. 154 at 5-6). Putting aside the bizarreness of Defendants' request that the Court ignore a controlling definition contained within codified regulations that govern this dispute, Defendants' assertion is manifestly incorrect. Plaintiff raised the issue of clarity and conspicuousness in both his opening and reply memoranda in support of his Motion for Class Certification. (*See* Dkt. 81-1 at 9-10, 18-19) (citing § 64.1200(f), the 2012 TCPA Order, and the regulations' disclosure requirements); (Dkt. 144 at 3-4) (citing § 64.1200(f) and arguing that the Lease Agreement's purported consent disclosures were not sufficiently "clear and conspicuous").

Defendants argue in the alternative that Plaintiff's Motion should be denied

---

[1] Order Re: Plaintiff's Motion for Class Certification, hereinafter "Order," Dkt. 150.

because Courts in the Central District cannot reconsider orders for a "clear error of law." (Dkt. 154 at 5) (citing L.R. 7-18). Defendants are wrong. The Court's Order on class certification is an *interlocutory* order, not a *final* order subject to reconsideration under Federal Rules 59 or 60. The Ninth Circuit and courts in this District have held that district courts possess the "inherent authority to reconsider interlocutory rulings at any time prior to final judgment." *Thomas v. Housing Auth. of Cnty of L.A.*, No. CV 04-6970 MMM (RCx), 2005 WL 6136322, at *8 (C.D. Cal. Sept. 19, 2005) (citing *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996)). Consistent with Local Rule 7-18, a district court has broad discretion to "reconsider and reverse a previous interlocutory decision *for any reason* it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Id.* (emphasis added). This includes reconsideration "necessary to remedy a clear error of law." *Id.*; *see Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). As such, this Court has the inherent authority to reconsider its Order, consistent with L.R. 7-18 and the Federal Rules.

  Regardless of whether the Court reconsiders its holding as to the Lease Agreement, the Court's Order still warrants reconsideration because the Court relied on erroneous facts in declining to certify a class of non-lessees who necessarily did not sign any version of the Lease Agreement whatsoever. Defendants do not dispute that the Court found that none of the customer forms Defendants submitted—other than the Lease Agreement—complied with the TCPA's written consent requirements. Nor do Defendants deny that lessees can be identified using customer information contained within Defendants' customer database without reviewing individual forms, enabling the claims administrator to manageably exclude lessees from a certified class.

  Because evidence of valid express written consent is completely absent for Plaintiff and all other non-lessees, certifying a class of non-lessees is consistent with

Reply in Supp. of Mot Reconsider    - 2 -    Case No. 15-CV-04410-CBM-RAO
Order Denying Mot. for Class Cert.

this Court's holding in *Caldera v. Am. Med. Collection Agency*, No. 2:16-cv-0381-CBM-AJWx, 2017 WL 2812898 (C.D. Cal. June 27, 2017) (Marshall, J.), where this Court held that consent issues do not defeat certification if evidence of consent is absent classwide. *Id.* at *5 ("[w]here a party has not submitted any evidence of . . . express consent, courts will not presume that resolving such issues requires individualized inquiries." (alteration in original)). Since consent issues were the Court's primary basis for denying certification, Defendants' concessions strongly demonstrate that the Court should reconsider its decision not to certify a class excluding lessees. Plaintiff's Motion to Reconsider should therefore be granted.

## II. ARGUMENT

### A. The Court Has The Authority To Reconsider Its Class Certification Order.

#### i. Courts in the Central District have inherent authority to reconsider prior interlocutory orders for clear errors of law.

The Court's Order on class certification is an interlocutory order, which may be reviewed for "clear error" under the Court's inherent authority and under the Federal Rules. District courts have the "inherent authority to reconsider interlocutory rulings at any time prior to final judgment." *Thomas*, 2005 WL 6136322, at *8 (citing *Amarel*, 102 F.3d at 1515). "A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Id.* (quoting *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000)); *In re Hewlett-Packard Co. Sec. Litig.*, No. SACV 11-1404 AG (RNBx), 2013 WL 3582761, at *1 (C.D. Cal. June 17, 2013) ("a district court . . . possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient.") (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)).

Among the appropriate grounds for reconsideration, a "court is justified in

reconsidering its previous ruling if . . . it becomes necessary to remedy a *clear error of law* or to prevent obvious injustice." *Thomas*, 2005 WL 6136322, at *8 (emphasis added) (citation and quotation marks omitted)). Although not explicitly stated in L.R. 7-18, the Ninth Circuit has stated that "[r]econsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust[.]" *In re Hewlett-Packard,* 2013 WL 3582761, at *1 (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1040 (C.D. Cal. 2013) (reconsidering order "to ensure" it was "not infected with error").

Defendants assert that the clear error standard is limited to motions for reconsideration brought pursuant to Federal Rule 59(e), which concerns final judgments and is thus inapposite here. (Dkt. 154 at 5). Defendants are wrong. Courts may also review interlocutory orders for clear error. For instance, numerous courts in this District have applied the clear error standard to motions for reconsideration brought pursuant to Federal Rule 54(b) as well.[2] *See, e.g., Cunha v. Hansen Natural Corp.*, No. EDCV 08-1249-GW(JCx), 2012 WL 12886194, at *1 (C.D. Cal. Oct. 22, 2012) (citing Rule 54 and quoting the clear error standard).

For example, in *Shiferaw v. Sunrise Senior Living Mgmt., Inc.*, No. LA CV13-02171-JAK (PLAx), 2016 WL 6571270, at *5 (C.D. Cal. March 21, 2016), the court granted in part a Rule 54 motion seeking reconsideration of a prior ruling on class certification. After citing Rule 54(b), the court also quoted the Ninth Circuit's clear error standard. *Id.* (quoting *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2003)). The *Shiferaw* court also quoted *Smith v. Clark Cnty Sch. Dist.*, cited in Plaintiff's opening brief, where the Ninth Circuit stated that "a paradigmatic example" of clear error "is when the court made its prior decision without considering the legal

---

[2] Rule 54(b) provides for reconsideration of interlocutory orders and states in relevant part that any interlocutory order, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Reply in Supp. of Mot Reconsider     - 4 -     Case No. 15-CV-04410-CBM-RAO
Order Denying Mot. for Class Cert.

standards in a controlling opinion. . . ." *Shiferaw*, 2016 WL 6571270, at *5 (quoting *Smith*, 727 F.3d at 955). The Ninth Circuit and courts in this District have thus held that it is appropriate to apply the "clear error" standard when reviewing interlocutory orders like the Court's class certification Order at issue here.

Defendants nonetheless misleadingly question how the "'clear error' standard fits within Local Rule 7-18." (Dkt. 154 at 5). In practice, however, courts in the Central District can and routinely do review prior orders for clear error alongside Local Rule 7-18. *See, e.g., Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1250-51 (C.D. Cal. 2007) (citing L.R. 7-18 as well as the clear error standard); *Tawfilis v. Allergan, Inc.*, No. SACV 15-307-JLS (JCGx), 2015 WL 9982762, at **1-2 (C.D. Cal. Dec. 14, 2015) (observing that "[c]ourts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)" and construing the movant's "motion as asserting that the Court committed a 'clear error'"); *Lopez v. Am. Express Bank, FSB*, No. CV 09-07335 SJO (MANx), 2010 WL 3637755, at *2 (C.D. Cal. Sept. 17, 2010) (quoting the clear error standard and stating that a "party may move for reconsideration pursuant to [Federal] Rules 59 and 60, *and* L.R. 7-18." (emphasis added)); *Gonzalez v. Drew Indus. Inc.*, No. CV 06-08233 DDP (JWJx), 2009 WL 10671688, at *2 (C.D. Cal. Aug. 26, 2009) (stating grounds for reconsideration under the Federal Rules "[i]n addition" to the grounds under L.R. 7-18). Therefore, Local Rule 7-18 does not limit this Court's authority to evaluate its class certification Order for clear error.

Finally, in addition to the Court's inherent authority and its authority under Federal Rule 54(b), Rule 23 itself contemplates that parties may seek reconsideration of class certification rulings. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). As Plaintiff stated in his opening brief, "[Rule 23] provides district courts with broad discretion to . . . to revisit [] certification throughout the legal proceedings before the

court." *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California,* 543 U.S. 499, 504-05 (2005); *see also Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 4329009, at *4 (N.D. Cal. Sept. 21, 2012) ("it is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition or that rely upon different evidence or legal theories."). Accordingly, the Court has ample authority to reconsider its Order on class certification.

### ii. *Plaintiff raised the issue of clarity and conspicuousness in prior briefing.*

Plaintiff previously raised the issue of clarity and conspicuousness and thus preserved it for reconsideration. Plaintiff discussed the written consent requirements in both his opening and reply memoranda filed in support of his Motion for Class Certification. (Dkt. 81-1 at 9-10) (citing the 2012 TCPA Order and explaining the TCPA's written consent requirement); *Id.* at 18-19 (noting that "[t]he signed writing also must include a number of disclosures"); (Dkt. 144 at 3-4) (citing § 64.1200(f) and arguing that the Lease Agreement's purported consent disclosures were not sufficiently "clear and conspicuous"). Plaintiff previously argued, among other things, that the Lease Agreement's consent disclosures did not meet the TCPA's clear and conspicuous requirement because they were "buried deep in the Lease Agreement" and failed to "draw[] the reader's attention." (Dkt. 144 at 3-4). In Plaintiff's opening memorandum in support of this Motion, Plaintiff merely elaborated on his prior arguments and explained why the Court's Order departed from the controlling "separate and distinguishable" definition for clarity and conspicuousness articulated in § 64.1200(f)(3).

Defendants contend that Plaintiff is precluded from presently arguing that the Court did not apply the correct definition of "clear and conspicuous," because Plaintiff only cited the section—but not the specific subsection—where the definition appears. (Dkt. 154 at 5). In other words, according to Defendants,

although Plaintiff cited § 64.1200(a) and (a)(2), §§ 64.1200(f)(8)(i)(A) and (B), and § 64.1200(f)(12) throughout the briefing on class certification, and argued the issue at oral argument, Plaintiff is nonetheless precluded from making any arguments that cite § 64.1200(f)(3).

This argument is not only unsupported, it also leads to an absurd conclusion. According to Defendants, parties in litigation would need to cite every individual subsection of an entire statute, lest they waive some portion of it. Defendants fail to cite any authority stating that a party somehow waives controlling defined terms set forth in governing statutes or regulations. Regardless, Defendants' arguments about citations do not overcome the fact that Plaintiff raised the issue of the clarity and conspicuousness in prior briefing. The Court therefore has discretion to reconsider its ruling on the issue.

### B. The Court Is Bound To Apply Controlling Defined Terms In The Regulations That Govern Plaintiffs' Claims.

As Plaintiff argued in his opening memorandum, the Court's finding as to the Lease Agreement is "clear error," because the Court did not analyze the Lease under the controlling standard for clarity and conspicuousness articulated in Section 64.1200(f)(3). Instead, the Court evaluated whether the Lease's consent disclosures were "unambiguous"—a term that does not appear anywhere in the TCPA's implementing regulations. (Dkt. 150 at 6). Defendants nonetheless argue that the Court's finding is not clear error, because the Court cited the FCC's 2012 Order, in which the FCC used the term "unambiguous consent" in explaining why it was implementing a written consent requirement for certain calls. Regardless of whether the Court cited the 2012 FCC Order, however, its failure to apply the *controlling* legal standard is clear error.

The phrase "clear and conspicuous" is explicitly defined within the TCPA's implementing regulations, and that definition is therefore binding. "When a statute or regulation defines a term, that definition controls[.]" *Alaskan Trojan P'ship v.*

Reply in Supp. of Mot Reconsider                 - 7 -              Case No. 15-CV-04410-CBM-RAO
Order Denying Mot. for Class Cert.

*Gutierrez*, 425 F.3d 620, 628 (9th Cir. 2005) (holding that failure to interpret a defined term according to its definition was "plain error"); *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1053 (9th Cir. 2014) ("When a statute includes an explicit definition, [the court] must follow that definition"). Failing to interpret a term according to a controlling definition is not only contrary to Ninth Circuit law, it also violates fundamental principles of statutory construction. "When [courts] interpret a word in a statute, [they] use the statute's definition of that word." *U.S. v. Migi*, 329 F.3d 1085, 1087 (9th Cir. 2003). Even if there had been a need to look beyond the definition of "clear and conspicuous" contained in the TCPA's regulations, it was error to not at least start with the actual text of the regulations. *Id.* ("We start with the plain meaning of the statute's language").

Defendants assume that because the Court found that the Lease Agreement's consent disclosures were "unambiguous,"[3] the Court also concluded they were sufficiently "separate and distinguishable" as well. (Dkt. 154 at 6). This is an unsupported leap of logic. The term "unambiguous" does not mean the same thing as "separate and distinguishable." Ambiguity refers to the "meaning of words used." *U.S. v. Frank*, 956 F.2d 872, 881 (9th Cir. 1991); *see also Local Motion v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997) ("ambiguity exists when there is some doubt as to the *meaning of written words*" (emphasis added)). By contrast, "separate and distinguishable" deals with where the disclosures are located, and whether they are presented in a way to capture the readers' attention. *See, e.g., Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, at *7 (N.D. Ill. June 1, 2017); *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489-TBR, 2014 WL

---

[3] The Court quoted the term "unambiguous" from the 2012 TCPA Order. There, the FCC explained that it had modeled the TCPA's written consent regulations off of the "Telemarketing Sales Rule"—a set of regulations adopted by the Federal Trade Commission under the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq.—which refers to "unambiguous consent." (2012 FCC Order, ¶¶ 32-33). Although the FCC used term "unambiguous" as part of this background explanation, the term did *not* become part of the regulations codified in the C.F.R.

2946421, at *19 (W.D. Ky. June 30, 2014). Moreover, the Court did not state anywhere in its Order that it had found that the Lease's consent disclosures were "separate and distinguishable." Accordingly, the Court's finding that the Lease's consent disclosures were unambiguous is not tantamount to a finding that they are also sufficiently separate and distinguishable.

Because "clear and conspicuous" is explicitly defined as "separate and distinguishable," it was error to apply an alternate meaning not contained within the regulations. "As a rule, [a] definition which declares what a term means . . . excludes any meaning that is not stated." *Eisinger v. Fed. Labor Relations Auth.*, 218 F.3d 1097, 1105 (9th Cir. 2000) (alterations in original) (internal quotation marks and citations omitted). Although the Court may have looked to the 2012 FCC Order for explanation or clarification, "clarification is not necessary when a statute defines its own terms." *U.S. v. Lettiere*, 640 F.3d 1271, 1275 (9th Cir. 2011). The Court's application of an incorrect legal standard is clear error, and warrants reconsideration of its Order denying certification.

### C. Defendants Do Not Dispute That Lessees Can Be Excluded Without The Need For Any Individualized Inquiries.

While Defendants still maintain that determining whether a putative class member signed the 2015 version of the Lease Agreement will require review of physical forms—a fact that Plaintiff disputes—Defendants do not deny that lessees can simply be excluded altogether without the need for any individualized inquiries. Honda maintains a centralized customer database, from which the claims administrator can determine whether an Acura customer is a lessee or not. (Dkt. 152-1 at 13-16; *see* Deposition Transcript of Scott Yamauchi, Dkt. 91-3, at 50:16-24). If the customer information in the database shows that an individual is a lessee, that person can simply be excluded. What form that person signed is irrelevant and no individualized inquiry or review of any physical forms is necessary. Defendants have not denied—either in their Opposition to Plaintiff's Class Certification Motion or in

Reply in Supp. of Mot Reconsider - 9 - Case No. 15-CV-04410-CBM-RAO
Order Denying Mot. for Class Cert.

their Opposition to this Motion—that lessees can be identified as such using the Honda customer database and without the need to review individual customer forms. Nor did Defendants' declarant, Blair Williams, state in her declaration that any such review would be necessary.

The threshold question of *whether* someone is a lessee is a different inquiry from *what form* that person signed, if any. To the extent the Court found that determining *whether* a person is a lessee requires review of individual forms, the Court relied on erroneous facts, misinterpreted the Williams Declaration, and failed to consider material facts contained in the declarations of Plaintiff's proposed claims administrator demonstrating that no such review is necessary. *See Shiferaw*, 2016 WL 6571270, at *5 (observing that a "recurring" example of where courts reconsider denial of certification is if the "refusal to certify the class was based on case management concerns that have been resolved by later proceedings").

Defendants incorrectly state that Plaintiff did not offer to exclude lessees at the hearing on his Class Certification Motion. In addition to proposed subclasses, Plaintiff's counsel proposed excluding Acura lessees and certifying a class of non-lessees in both his reply memorandum in support of his Motion for Class Certification and at the hearing on the Motion. The Court declined to certify a class excluding lessees, but it relied on erroneous facts and failed to consider material facts contained within the declarations from Plaintiff's proposed claims administrator. Therefore, even if the Court declines to reconsider its holding as to the Lease, the Court should nonetheless reconsider its decision not to certify a narrower class excluding Acura lessees, or alternatively, allow Plaintiff an opportunity to file a renewed class certification motion with a modified class definition.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider should be granted.

| | |
|---|---|
| Dated: August 1, 2017 | Respectfully submitted, |
| | SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals |
| | By: /s/ *Paul T. Geske* <br> One of Plaintiff's Attorneys |

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

Evan M. Meyers (*pro hac vice*)
emeyers@mcgpc.com
Paul T. Geske (*pro hac vice*)
pgeske@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002

*Attorneys for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

I, Paul Geske certify that on August 1, 2017, I filed the foregoing *Plaintiff's Reply in Support of Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification* via the Court's CM/ECF electronic filing system. A copy of said document will be electronically transmitted to the following counsel of record:

Michael L. Mallow
mmallow@Sidley.com
Rachel A. Straus
rstraus@Sidley.com
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013

Eric S. Mattson
emattson@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

Justin Penn
jpenn@hinshawlaw.com
Paul Rodriguez
prodriguez@mail.hinshaw.com
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601

/s/ *Paul T. Geske*