1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC., *et al.*<br><br>        Defendants. | Case No.:  15-cv-4410-CBM-RAO<br><br>**ORDER RE:  PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

The matter before the Court is Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification (the "Motion").  (Dkt. No. 152.)

## I.     BACKGROUND

On June 10, 2015, Plaintiff filed a class action complaint asserting a single cause of action against Defendant American Honda Motor Co., Inc. ("Honda") for violation of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200 *et seq.*, based on Honda's alleged placement of unsolicited automated telephone calls to Plaintiff's cellphone after he took his Acura vehicle to a dealership for service.  Plaintiff filed a First Amended Complaint adding J.D. Power and Associates as a named defendant.  (Dkt. No. 63.)

1       On June 29, 2017, the Court issued an order denying Plaintiff's motion for

2   class certification upon finding Plaintiff failed to meet the typicality, adequacy,

3   and predominance requirements for class certification (the "Certification Order").

4   (Dkt. No. 150.)

5                     **II.      STATEMENT OF THE LAW**

6       Local Rule 7-18 provides:

7   > A motion for reconsideration of the decision on any motion may be
8   > made only on the grounds of (a) a material difference in fact or law
    > from that presented to the Court before such decision that in the
9   > exercise of reasonable diligence could not have been known to the
    > party moving for reconsideration at the time of such decision, or (b)
10  > the emergence of new material facts or a change of law occurring
    > after the time of such decision, or (c) a manifest showing of a failure
11  > to consider material facts presented to the Court before such decision.
    > No motion for reconsideration shall in any manner repeat any oral or
12  > written argument made in support of or in opposition to the original
    > motion.

13  Moreover, the Ninth Circuit has held that "[a] district court may properly

14  reconsider its decision if it (1) is presented with newly discovered evidence, (2)

15  committed clear error or the initial decision was manifestly unjust, or (3) if there is

16  an intervening change in controlling law." *Smith v. Clark Cty. Sch. Dist.*, 727

17  F.3d 950, 955 (9th Cir. 2013) (internal quotations and citations omitted).  A

18  motion for reconsideration "may not be used to raise arguments or present

19  evidence for the first time when they could reasonably have been raised earlier in

20  the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

21                    **III.      DISCUSSION**

22  **A.      Lease Agreement Consent Disclosures**

23      In the Certification Order, the Court found the 2015 Lease Agreement is

24  "'clear and conspicuous' and 'unambiguous' for purposes of the TCPA's

25  regulations regarding prior express written consent." (Certification Order at 6-7,

26  n.9.)  The Court also found Defendants' evidence demonstrated individualized

27  inquiries and determinations would be required as to whether each class member

28  signed a 2015 Lease Agreement, which version of the 2015 Lease Agreement was

2

1   used, whether the language in the agreement included the requirements for prior

2   express written consent, when the lease agreement was signed, and when calls

3   were received, in order to determine whether each class members gave prior

4   express written consent before receiving calls from Defendants.  (*Id.* at 6-7.)  The

5   Court further found Plaintiff failed to demonstrate consent (or lack of consent)

6   could be established through class-wide proof.  (*Id.* at 7.)

7        Plaintiff argues reconsideration of the Certification Order is warranted

8   because the Court "relied on the wrong standard in determining that the Lease

9   Agreement was compliant with the TCPA.  Specifically, Plaintiff contends the

10  Court found the Lease Agreement contained "unambiguous consent disclosures

11  that were sufficiently 'clear and conspicuous' to satisfy the TCPA's written

12  consent regulations," but that the term "unambiguous" does not apply anywhere in

13  the TCPA's regulations.

14       Plaintiff argued in his reply in support of his motion for class certification

15  that the consent disclosure in the Lease Agreement was "ambiguous" because "it

16  ostensibly offers the customer an opportunity to opt out of receiving calls, but

17  there is no mechanism by which the customer may do so."  (Reply at p.3-4.)  The

18  Court's finding that the Lease Agreement is "unambiguous" was in direct

19  response to the argument raised by Plaintiff.  Moreover, the Court did not err in

20  finding the Lease Agreement was "unambiguous" because that finding is

21  consistent with the FCC's 2012 order interpreting the TCPA.  (*See* Certification

22  Order at 6-7 n. 9 (quoting FCC's February 15, 2012 order ("2012 FCC Order"),

23  which provides:  "[A] consumer's written consent to receive telemarketing

24  robocalls must be signed and be sufficient to show that the consumer . . . having

25  received this information, agrees ***unambiguously*** to receive such calls at a

26  telephone number the consumer designates") (emphasis added).)

27       Plaintiff argues for the first time that the consent disclosure in the Lease

28  Agreement is not "clear and conspicuous" because it was not "separate and

distinguishable" as required under 47 C.F.R. § 64.1200(f)(3),[1] since it was buried in paragraph 42 of the agreement.  The Court's finding that the Lease Agreement is "clear and conspicuous" is consistent with the requirements set forth in the 2012 FCC Order.  (*See* Certification Order at 6-7, n.9 (quoting 2012 FCC Order which provides "clear and conspicuous" means clear language that enables a customer to understand that he/she will receive future calls by signing the written agreement).)

Moreover, Plaintiff did not raise § 64.1200(f)(3) in his class certification briefing.  *See* L.R. 7-18(a) (reconsideration must be based on a variation in law or fact that "in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision"); *Carroll*, 342 F.3d at 945 (a motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation"); *Union Pacific R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1137-38 (C.D. Cal. 2002) ("A mere attempt by the moving party to reargue its position by directing this Court to additional case law and ... arguments which it clearly could have made earlier, but did not ... is not the purpose of motions for reconsideration under Local Rule 7-18.").  Even if Plaintiff could raise a new argument under 47 C.F.R. § 64.1200(f)(3), the consent language in the Lease Agreement is contained in a separate paragraph specifically titled and in bold, "**COMMUNICATION WITH LESSOR**."  Therefore, the consent language is separate and distinguishable from other disclosures in the Lease Agreement as required under 47 C.F.R. § 64.1200(f)(3).[2]

---

[1] 47 C.F.R. § 64.1200(f)(3) provides:  "The term clear and conspicuous means a notice that would be apparent to the reasonable consumer, separate and distinguishable from the advertising copy or other disclosures."

[2] *Sullivan v. All Web Leads, Inc.*, 2017 WL 2378079 (N.D. Ill. June 1, 2017), relied on by Plaintiff, is inapposite because that case addressed whether online "clickwrap" or "browsewrap" agreements provide "reasonable notice" of consent to receiving automated calls where the consent language is placed below the "submit" button so that users may click the "submit" button without ever seeing the consent language.  There is no evidence that the Lease Agreement is an online "clickwrap" or "browsewrap" agreement.

Accordingly, reconsideration of the Certification Order is not warranted based on the Court's finding that the Lease Agreement is "unambiguous" and "clear and conspicuous."[3]

**B.     Claims Administrator Declarations**

Plaintiff argues reconsideration of the Certification Order is also warranted because the Court omitted material facts set forth in two declarations from Plaintiff's proposed claims administrator.  Plaintiff again argues the claims administrator's declarations "demonstrate that certification will be manageable and will not require the Court to review any individual, physical forms to determine whether Acura customers provided prior express written consent to receive telemarketing calls."  The Court considered both declarations by the claims administrator in denying Plaintiff's motion for class certification.[4] Accordingly, reconsideration of the Certification Order based on the claim administrator's declarations is not warranted.

**C.     Renewed Motion For Class Certification**

Plaintiff contends he is also "entitled to an opportunity" to file a renewed certification motion with a modified class definition or exclusions.  Plaintiff

---

[3]  Plaintiff also argues the Court's findings that the typicality and adequacy requirements are not met are also erroneous because those findings are based on the Court's error as to the validity of the Lease Agreement's consent disclosures. Since the Court did not err in finding the Lease Agreement is "clear and conspicuous" and "unambiguous," Plaintiff's arguments regarding reconsideration of the Court's typicality and adequacy findings also fail.

[4] One declaration by the claims administrator was filed after the motion for class certification was submitted.  The Court considered that declaration, but did not consider new arguments raised in the parties in briefing filed without the Court's permission after the motion was taken under submission.  (*See* Certification Order at 1 n.1 ("The Motion was taken under submission at the conclusion of the hearing on the Motion on April 25, 2017. (Dkt. No. 133.)  Plaintiff filed a supplemental declaration in support of the Motion on May 1, 2017 (Dkt. No. 135), and Defendants filed a response to the supplemental declaration on May 3, 2017 (Dkt. No. 137). Plaintiff also filed a "Notice of Supplemental Authority" on June 6, 2017, which included new arguments in support of the Motion. (Dkt. No. 142.) The Court has not considered new arguments contained therein in ruling on the Motion. (*See* L.R. 7-12.).").)

1    previously requested that the Court modify the class definition in his class

2    certification briefing, and the Court declined to do so.  (*See* Certification Order at

3    8 n.13 ("The Court declines to modify Plaintiff's proposed class definition to

4    create a subclass/subclasses or to exclude consenting customers.").)[5]  Moreover, a

5    renewed motion for class certification "is not a separate mechanism by which a

6    party can seek reconsideration of a prior order relating to class certification."

7    *Daniel F. v. Blue Shield of Cal.*, 2015 WL 3866212, at *3 (N.D. Cal. June 22,

8    2015).  Since Plaintiff fails to identify a material change in circumstances or law,

9    Plaintiff's request for leave to file a renewed class certification motion is denied.

10   *See Daniel F.*, 2015 WL 3866212, at *4 (denying motion for leave to file a

11   renewed motion for class certification where plaintiffs failed to show a material

12   difference in fact or law existed and only argued that the revised class definition

13   constituted "new facts"); *Gustafson v. BAC Home Loans Servicing, LP*, 2014 WL

14   10988335, at *2 (C.D. Cal. Feb. 5, 2014) (denying request for leave to file a

15   renewed motion for class certification where plaintiff failed to show materially

16   changed circumstances and wanted a second attempt at class certification).

17          This case was filed on June 10, 2015.  Plaintiff has filed two motions for

18   class certification.  The first certification motion was filed on November 12, 2015,

19   and was denied without prejudice so Plaintiff could conduct precertification

20   discovery to substantiate his class allegations.  The Court provided Plaintiff over a

21   year to conduct additional discovery and file another class certification motion.

22   Plaintiff's second motion for class certification was filed on January 17, 2017.

23   The deadline for hearing on motions expired on February 28, 2017, and the only

24

_____

25   [5] In supplemental briefing filed after the motion was taken under submission,
     Plaintiff argued that class members could be grouped into subclasses based on the
26   forms they signed.  (*See* Dkt. No. 142 at 3.)  Plaintiff, however, did not identify
     any adequate representatives for those subclasses, and therefore certification of
27   those subclasses was inappropriate.  *See Rodriguez v. City of Los Angeles*, 2013
     WL 12203108, at *15 (C.D. Cal. Feb. 15, 2013); *Simon v. American Telephone &
28   Telegraph Corp.*, 2001 WL 34135273, at *10 (C.D. Cal. Jan. 26, 2001).

matters remaining are pretrial and trial.  Accordingly, Plaintiff also fails to demonstrate good cause exists to modify the Court's scheduling order at this late stage.  *See, e.g., Gustafson*, 2014 WL 10988335, at *2 (no good cause exists where a plaintiff "waited until after this Court denied their motion for class certification to seek amendment in order to change the class definition and pursue a second attempt at class certification."); *Ortiz v. McNeil–PPC, Inc.*, 2009 WL 1322962, at *3 (S.D. Cal. May 8, 2009) (no good cause to amend scheduling order where plaintiffs waited until after the court denied their motion for class certification to seek an amendment to change the class definition and pursue a second attempt at class certification).

## IV.   CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.


**IT IS SO ORDERED.**


DATED:  August 29, 2017.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE